

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JURASSIC SEISMIC COMPANY**                                            **PLAINTIFF**

vs.                                         **CIVIL ACTION NO. 3:06cv171 HTW-JCS**

**HAROLD ADAMS ET AL.**                                                **DEFENDANTS**

## TEMPORARY RESTRAINING ORDER

This day this cause came on for hearing on the Motion for Injunctive Relief filed by plaintiff Jurassic Seismic Company ("Jurassic"), as to defendants Larry Joe Hancock and wife, Sonia M. Hancock. The Court, having considered the evidence and being fully advised in the premises, finds that the motion is well-taken and should be granted, and that a temporary restraining order should be entered for Jurassic and against defendants Larry Joe Hancock and wife, Sonia M. Hancock, as herein set forth. The Court finds as follows:

1. The Court has jurisdiction over the parties and the subject matter of this civil action because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Jurassic and Defendants.

2. Defendants Larry Joe Hancock and wife, Sonia M. Hancock were served with process and the Motion for Injunctive Relief on April 4, 2006.

3. On April 18, 2006, counsel for Jurassic Seismic Company called and left voice mail messages for defendants Larry Joe Hancock and wife, Sonia M. Hancock advising them

of this hearing on the Motion for Injunctive Relief on April 18, 2006, [in two] and a notice of the hearing was hand delivered to their residence the same day.

4. Jurassic owns certain mineral exploration and mineral leasehold option rights in an approximately 226 square mile area located in Smith County, Mississippi (the "Jurassic 3-D Prospect"). Jurassic owns rights to acquire oil, gas and mineral leases on lands in the Jurassic 3-D Prospect pursuant to an Assignment and Option Agreement with an effective date of September 1, 2005. Jurassic also owns the right to conduct a geophysical seismic survey, sometimes referred to as a "seismic shoot," on lands located in the Jurassic 3-D Prospect pursuant to the Assignment and Option Agreement.

5. Jurassic is in the process of conducting a seismic shoot on the lands located in the Jurassic 3-D Prospect. Jurassic has retained an expert, experienced geophysical company, Veritas DGC Land Inc. ("Veritas"), to assist it in conducting seismic exploration of the Jurassic 3-D Prospect. The "turnkey cost" of the proposed seismic survey and "shoot" is almost $9.5 million. The contract between Jurassic and Veritas allows Veritas to charge "stand-by charges" in the event Veritas is prevented from working under certain conditions, including instances where a surface owner denies access to property that has been properly permitted from the owners of one or more undivided mineral interests. Under certain circumstances, these stand-by charges could exceed $23,000.00 per day.

6. As more fully set forth in Exhibit A hereto, defendants Larry Joe Hancock and wife, Sonia M. Hancock own interests in the surface estate in certain tracts of land located within the Jurassic 3-D Prospect, as to which tracts of land Jurassic has the right to explore

for oil, gas and other minerals by seismic survey and other means. Said defendants' lands are of such size, shape and location that Jurassic's inability to gain timely and orderly access for planned seismic exploration operations on these lands would damage Jurassic, interfere with its rights to explore for oil, gas and other minerals, increase the costs of its seismic exploration activities, and interfere with and threaten to destroy the integrity and reliability of the seismic survey and data that Jurassic seeks to obtain on the Jurassic 3-D Prospect. Defendants Larry Joe Hancock and wife, Sonia M. Hancock have either denied or refused peaceful entry, or threatened to deny Jurassic and its agents access to or use of said defendant's lands for Jurassic's geophysical seismic survey and related activities, or have indicated that they dispute or question Jurassic's rights to conduct the said survey, activities and operations on the surface that is owned by defendants Larry Joe Hancock and wife, Sonia M. Hancock .

7. Any delay or interruption occasioned by the refusal of defendants Larry Joe Hancock and wife, Sonia M. Hancock to allow Jurassic timely access to their lands to exercise Jurassic's rights to explore for oil, gas and other minerals and conduct its seismic shoot will interfere with and/or effectively prohibit Jurassic from exploring and developing its rights to conduct effective seismic geophysical exploration in the Prospect, will effectively prohibit Jurassic from exploring and developing its mineral and leasehold rights in and to the oil, gas and other minerals lying in the Prospect, and will immediately and irreparably damage Jurassic.

8. There is a substantial likelihood that Jurassic will prevail on the merits of its claimed rights to conduct the said oil, gas and mineral exploration operations on the lands, and there is a substantial threat that Jurassic will suffer irreparable injury if a temporary restraining order is not granted. The threatened injury to Jurassic outweighs the threatened harm that an injunction may do to these defendants. A temporary restraining order will serve the public interest.

9. The Court finds that the cash bond in the amount of $50,000.00, payable to defendants, collectively, in Civil Action No. 3:05cv682 HTW-JCS styled *Jurassic Seismic Company v. Adcock* will be sufficient security to be given by Jurassic for payment of such costs and damages as may be incurred or suffered by defendants Larry Joe Hancock and wife, Sonia M. Hancock, if they are found to have been wrongfully enjoined or restrained, and that said bond should be amended to incorporate the names of defendants Larry Joe Hancock and wife, Sonia M. Hancock therein.

10. Jurassic's request for injunctive relief should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED as follows:

(1) Jurassic, its agents and contractors, including but not limited to Veritas DGC Land Inc. ("Jurassic *et al.*"), have the right to enter on all of those certain lands that are described on Exhibit A hereto, and thereon and therein conduct operations for a geophysical seismic survey and subsurface imaging of the said lands.

(2) Defendants Larry Joe Hancock and wife, Sonia M. Hancock, their agents, servants, employees and attorneys, should be and are hereby mandatorily enjoined and prohibited from

interfering with or delaying Jurassic *et al.*'s access to, entry upon and operations on all of the lands described on Exhibit A hereto for the purposes of conducting Jurassic's seismic operations and seismic survey, and from making any threats or demands on Jurassic *et al.* concerning said operations.

(3) The cash bond in the amount of $50,000.00, payable to defendants, collectively, in Civil Action No. 3:05cv682 HTW-JCS styled *Jurassic Seismic Company v. Adcock* will be sufficient security to be given by Jurassic for payment of such costs and damages as may be incurred or suffered by defendants Larry Joe Hancock and wife, Sonia M. Hancock, if they are found to have been wrongfully enjoined or restrained, and that said bond should be and is hereby amended to incorporate the names of defendants Larry Joe Hancock and wife, Sonia M. Hancock therein.

IT IS FURTHER ORDERED AND ADJUDGED that this Court retains jurisdiction over this matter for further proceedings on all claims, defenses, counterclaims, and such other matters as may come before the Court in this civil action.

SO ORDERED, this 19th day of April, 2006, at 6:15 o'clock p.m.

_____
Henry T. Wingate
United States District Judge